UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| Case No. | 5:24-cv-00640-SSS-SPx | Date | July 26, 2024 |
|---|---|---|---|
| Title | *A.S. v. Riverside County Sheriff's Department, et al.* | | |

Present: The Honorable    SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    (IN CHAMBERS) ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION TO DISMISS [Dkt. 19]**

Before the Court is Defendant Sentinel Offender Services, LLC's motion to dismiss.  [Dkt. 19].  The motion was filed on July 17, 2024.

Local Rule 7-3 demands that "counsel contemplating the filing of any motion must first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution." C.D. Cal. R. 7-3.  The conference must occur at least 7 days before the filing of the motion.  *Id.*  If the parties cannot reach a resolution, counsel for the moving party must include a statement in the notice of motion articulating that the parties met and conferred on a certain date.  *Id.*

Further, the Civil Standing Order issued to the parties in this case instructs the parties that their "notice of motion or other request must include a statement of compliance with Local Rule 7-3," and that "the Court may strike or deny a motion or other relief if counsel fails to meet and confer in good faith."  [Dkt. 9].  The Standing Order also requires that the motion include: (1) the names of the counselor's present at the conference, (2) when the conference was held, (3) how long the conference lasted, (4) the manner in which the conference was held, (5)

what issues were discussed, and (6) what issues the parties were unable to resolve. *Id.*

Here, Sentinel Offender Services, LLC's counsel indicates that she met and conferred with Plaintiff and that they discussed Sentinel's anticipated motion to dismiss. [Dkt. 19-2]. The motion also includes the required statement noting compliance with Local Rule 7-3, but it lacks any of the additional information required by the Civil Standing Order other than the date of the conference. Therefore, the motion fails to satisfy the requirements of the Civil Standing Order.

As such, the Court finds that Defendant Sentinel Offender Services, LLC failed to meet and confer with Plaintiff in good faith as required under the Civil Standing Order. Defendant's motion to dismiss is therefore **DENIED WITHOUT PREJUDICE**. [Dkt. 19]. Should Defendant wish to re-file their motion, she is directed to file an updated statement of compliance with Local Rule 7-3 that conforms to the more detailed requirements of the Court's standing order.

**IT IS SO ORDERED.**